**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL ABREGO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>BLIZZARD ENTERTAINMENT, INC.,<br><br>Defendant. | Case No.: **'15CV0230 DMS JLB**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESITUTION AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**(1) CALIFORNIA BUS. & PROF. CODE §§ 17600, ET SEQ.**<br><br>**(2) CALIFORNIA BUS. & PROF. CODE §§ 17200, ET SEQ.**<br><br>**(3) CALIFORNIA BUS. & PROF. CODE §§ 17535, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//

## INTRODUCTION

1. Plaintiff ABEL ABREGO ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive business practices of BLIZZARD ENTERTAINMENT, INC. ("Defendant") with regard to Defendant's practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute"), to California consumers and the general public in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL") and Cal. Bus. & Prof. Code § 17535.

2. This action seeks to enjoin Defendant's practice of making automatic renewal offers and continuous service offers, as those terms are defined by California's Automatic Purchase Renewal Statute, to California and the general public, for Defendant's commercial purposes and pecuniary gain.

3. Defendant's automatic renewal and continuous service offers are a scheme carried out by Defendant which involves making money from California consumers through false, deceptive, and misleading means by charging California consumers for automatic renewal offers as California's Automatic Purchase Renewal Statute defines that term, without the knowledge of those consumers, throughout the period covered by the applicable statute of limitations.

4. Defendant makes automatic renewal or continuous service offers to California consumers, including Plaintiff and putative class members, in violation of California's Automatic Purchase Renewal Statute by:

   a) Failing to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

|   |   |   |
|---|---|---|
| | | visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer, in violation of Cal. Bus. & Prof. Code § 17600, et seq. |
| | b) | Charging the consumer's credit or debit card or the consumer's account serviced by a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, in violation of Cal. Bus. & Prof. Code § 17600, et seq. |
| | c) | Failing to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; and/or where Defendant's offer includes a free trial, Defendant fails to disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services, in violation of Cal. Bus. & Prof. Code § 17600, et seq. |

5. Plaintiff alleges as follows based upon information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff allege upon personal knowledge as to himself and his own acts and experiences.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

//
//
//
//

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the matter in controversy in this matter exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorneys' fees and costs. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

8. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California while Defendant is a corporation incorporated under the laws of the State of Delaware.

9. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of San Diego, State of California. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) At all times mentioned herein, Plaintiff was a resident of the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b) does substantial business within this district;

   (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

   (d) the harm to Plaintiff occurred within this district.

## PARTIES

11. At all times mentioned herein, Plaintiff was a citizen and resident of the County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a natural person and a "consumer" for purposes of Cal. Bus. & Prof. Code § l7601(d).

12. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Delaware, with a headquarters in Irvine, California. Plaintiff further alleges that all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

13. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times relevant, Defendant made and continues to make automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute") to Plaintiff and other consumers similarly situated.

15. Sometime in 2013, Plaintiff opened an account on Defendant's website and purchased a subscription to play Defendant's computer game, World of Warcraft.

16. Several months later, Plaintiff became aware that his subscription was automatically renewed and that Defendant had automatically charged his credit card for the subscription to play Defendant's computer game.

17. At the time Plaintiff purchased the subscription, Defendant failed to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner, as defined by California's Automatic Purchase Renewal Statute, before the subscription or purchasing agreement was fulfilled, and in visual or temporal proximity to Defendant's request for consent to the offer.

18. At the time Plaintiff purchased this subscription, Defendant charged Plaintiff for an automatic renewal offer without first obtaining Plaintiff's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

19. At the time Plaintiff subscribed to Defendant's services, Plaintiff was subjected to Defendant's unlawful policies and/or practices, as set forth herein, in violation of Cal. Bus. & Prof. Code § 17600, et seq.

20. The material circumstances surrounding this experience by Plaintiff was the same, or nearly the same, as the other class members Plaintiff proposes to represent, and Plaintiff and all putative class members were required to pay, and did pay, money for this subscription marketed and sold by Defendant.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action, on behalf of himself and all others similarly situated ("the Class").

22. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within California who purchased a subscription from Defendant's website as part of an automatic renewal plan or continuous service offer for products and services from Defendant within the four years prior to the filing of this Complaint.

23. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this

matter should be certified as a Class action to assist in the expeditious litigation of this matter.

24. There is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class because:

   a. *Numerosity*: The potential members of the Class as defined are so numerous and so diversely located throughout California, that joinder of all the members of the Class impracticable. The class members are dispersed throughout California. Joinder of all members of the proposed class is therefore not practicable.

   b. *Commonality*: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

      i) Whether Defendant charged Plaintiff and class members' payment method for an automatic renewal or continuous service without first obtaining Plaintiff's and class members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms;

      ii) Whether Defendant's Terms and Conditions contains the automatic renewal offer terms and/or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601;

      iii) Whether Defendant failed to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled, and in visual or temporal proximity to the request for consent to the offer;

      iv) Whether Cal. Bus. & Prof. Code § 17603 provides for restitution for money paid by class members in circumstances where the goods and services provided by Defendant are deemed an unconditional gift;

      v) Whether Plaintiff and the Class are entitled to restitution under Cal. Bus. & Prof. Code §§ 17200-17203;

      vi) Whether Plaintiff and class members are entitled to declaratory relief, injunctive relief and/or restitution under Cal. Bus. & Prof. Code § 17535, and,

      vii) The proper formula(s) for calculating and/or restitution owed to Class members.

c. ***Typicality***: Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways.

d. ***Adequacy of Representation***: Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the class members. Plaintiff's interests do not conflict with those of class members. Counsel who represent Plaintiff are competent and experienced in litigating large class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e. ***Superiority of Class Action:*** A Class Action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Plaintiff and class members have suffered or may suffer loss in the future by

reason of Defendant's unlawful policies and/or practices of not complying with Cal. Bus. & Prof. Code §§ 17600-17606. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full restitution to class members, and will thereby effectuate California's strong public policy of protecting the California public from violations of its laws. If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most class members to bring individual actions to recover monies due from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

### FIRST CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17600, ET SEQ.

### [CALIFORNIA'S AUTOMATIC PURCHASE RENEWAL STATUTE]

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute"), to California consumers and the general public.

26. Plaintiff and members of the putative Class have suffered an "injury in fact" and have lost money and/or property as a result of Defendant's: (a) failure to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or

purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer; (b) charges to the consumer's credit or debit card or the consumer's account for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms; and (c) failure to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; and where Defendant's offer includes a free trial, Defendant also fails to disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services, in violation of Cal. Bus. & Prof. Code § 17600, et seq.

29. As a direct and proximate result of Defendant's aforementioned conduct and representations, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers

30. As a direct and proximate result of Defendant's violations of Cal. Bus. & Prof. Code § 17600, et seq., Plaintiff and members of the Class are entitled to a declaration that Defendant violated the California Automatic Purchase Renewal Statute.

31. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

//
//
//
//
//
//

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

### [CALIFORNIA'S UNFAIR COMPETITION LAW]

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

34. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

35. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

### *(a) Unlawful" Prong*

36. As a result of Defendant's acts and practices in violation of California's Automatic Renewal Statute, California's Bus. & Prof. Code § 17600, et seq., Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

37. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as adequately

disclosing the terms of Defendant's automatic renewal offers and continuous service offers, as set forth by Cal. Bus. & Prof. Code § 17600, et seq.

38. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### (b) "Unfair" Prong

39. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently fail to adequately disclose the terms of Defendant's automatic renewal offers and continuous service offers, as set forth by Cal. Bus. & Prof. Code §§ 17600, et seq.

40. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

41. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to make automatic renewal offers and continuous service offers in the manner described above in herein, in violation of Cal. Bus. & Prof. Code §§ 17600, et seq. and Cal. Bus. & Prof. Code §§ 17200, et seq.

//

//

## THIRD CAUSE OF ACTION

## VIOLATION OF CAL. BUS. & PROF. CODE §§ 17535, ET SEQ.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Cal. Bus. & Prof. Code § 17535, et seq. (the "UCL") allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

44. Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of this action, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by violating Cal. Bus. & Prof. Code § 17602.

45. As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold unlawfully obtained property and money belonging to Plaintiff and class members in the form of payments made for subscription agreements by Plaintiff and class members. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

46. Plaintiff and similarly situated class members are entitled to injunctive relief under restitution pursuant to Cal. Bus. & Prof. Code § 17535 for all monies paid by class members under the subscription agreements from date of Plaintiff's and class members' subscription purchase to the date of such restitution, at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and class members, from whom they were unlawfully taken.

47. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

48. Plaintiff, on behalf of himself and similarly situated class members, request relief as described below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members damages against Defendant and relief as follows:

- That this action be certified as a Class Action, Plaintiff be appointed as the representatives of the Class, and Plaintiff's attorneys be appointed Class counsel;
- That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(2) by charging Plaintiff and class members payment method without first obtaining their affirmative consent to the agreement containing the automatic renewal offer term or continuous service offer terms prior to charging their credit cards;
- That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 17602;
- That the Court find that Plaintiff and class members are entitled to injunctive relief and/or restitution pursuant to Cal. Bus. & Prof. Code § 17535;
- That the Court find that Defendant is in possession of money that belong to Plaintiff and class members that Defendant has not returned the money;
- That the Court award Plaintiff and the Class damages and/or full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. & Prof. Code § 17603 in an amount to be proved at trial;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- An order requiring Defendant to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- That Plaintiff and the Class be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law; and
- Any and all other relief as this Court may deem necessary or appropriate.

### TRIAL BY JURY

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 5, 2015                                 Respectfully submitted,

                                                              **KAZEROUNI LAW GROUP, APC**

                                              By:   _s/ ABBAS KAZEROUNIAN_____
                                                    ABBAS KAZEROUNIAN, ESQ.
                                                    MONA AMINI, ESQ.
                                                    ATTORNEYS FOR PLAINTIFF